UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIRSAD HAJRO,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS SULLIVAN ET AL.,<br><br>    Defendant. | Case No. 1:21-cv-00468-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Mirsad Hajro's Complaint (Dkt. 2) and Application for Leave to Proceed In Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. §1915, the Court must review Hajro's request to determine whether he is entitled to proceed in forma pauperis, which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, the Court must also undertake an initial review of Hajro's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court GRANTS Hajro's application to proceed in forma pauperis and will allow him to pay the filing fee over time. However, the Court finds Hajro's Complaint legally insufficient to survive initial review and must DISMISS the instant complaint at this time. Hajro may file a timely Amended Complaint consistent with this decision.

MEMORANDUM DECISION AND ORDER - 1

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (cleaned up).

The Court has examined Hajro's application to proceed without prepaying fees or costs and finds it does not conclusively establish his indigence. Hajro's Application to Proceed In Forma Pauperis (Dkt. 1) is scant on details leaving the Court to piecemeal Hajro's financial situation together from his limited answers. Hajro appears to have an income of roughly $1320.00 per month—derived from employment, self-employment, and public-assistance. Dkt. 1, at 2. Additionally, while Hajro asserts that his expenditures are only $1465.00 per month (thus indicating no significant surplus or deficit of income), he also states that he has significant debts owing to child support. Dkt. 1, at 5. While Hajro does not appear to have much discretionary income, he has not sufficiently proven his indigence under 28 U.S.C. § 1915 because his monthly deficit is not substantial enough and he therefore may not proceed without the payment of the requisite filing fees. That

MEMORANDUM DECISION AND ORDER - 2

said, the Court will allow Hajro the opportunity to pay the fee over time to reduce the financial burden. Hajro will be required to pay the fee in $50 monthly installments.

As will be explained in the next section, however, the Court must dismiss this case due to Hajro's inadequate allegations.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a court of limited jurisdiction and as such can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of

all civil action arising under the Constitution, laws, or treaties of the United States." *Id*. Additionally, the Court will have supplemental jurisdiction "…over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

In this case, Hajro levies various allegations against ten defendants without any specificity as to how those defendants were involved. Hajro lists alleged violations of the First, Fourth, Seventh, Eighth, and Fourteenth Amendments of the Constitution. Dkt. 2, at 4. He also alleges violations of "due process, oath, impartiality, conspiracy, trespass on my person, [and] treason." *Id*. Hajro also lists alleged violations of several different sections of the United States Code. *Id*.

Hajro also alleges that the ten named defendants violated his "due process, acting under color of law, stopping access to public court, treason, waring against USC, [and] trespassing my rights and property." *Id*. at 5. He does not provide any factual details about the alleged violations. Dkt. 2, at 1-6. Hajro does, however, note that his alleged claims are rooted in two civil state court cases in Canyon County, Idaho. *Id*. at 5.

Here, Hajro alleges Thomas Sullivan, a Canyon County Magistrate Judge; Davis Vandervelde, a Canyon County Magistrate Judge; George Southworth, a Canyon County District Judge; Jennifer Hajro, Hajro's ex-wife; Brook O'Neill, an attorney at Law/Alternatives/PLLC; Melanie Gagnepain, Clerk of the Idaho Supreme Court; Law/Alternatives/PLLC, a law firm; Sarah Scott, an attorney at Law/Alternatives/PLLC; Greta Nycklemoe, an attorney at Law/Alternatives/PLLC; and Christine Lutz, a paralegal at Law/Alternatives/PLLC, violated his rights under 42 U.S.C. § 1983. Dkt. 2, at 2-4.

At face value, Hajro's complaint contains issues all arising from alleged violations of 42 U.S.C. § 1983 which sets forth civil liability for anyone who—acting under the color of state or federal law—deprives a person of their constitutional rights. While certain persons will be liable for their actions under § 1983, the statute makes clear there is an exception: "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted* unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983 (emphasis added). Judges have long been accorded absolute immunity from actions for damages for their judicial acts. *See Wyatt v. Cole*, 112 S. Ct. 1827 (1992). The common law recognizes several absolute immunities from suit under § 1983. Among these, State court judges have absolute immunity from suit for damages arising from their judicial acts unless they act in a complete absence of jurisdiction. *See Mireles v. Waco*, 112 S. Ct. 286 (1991).

All of Hajro's claims lack specificity and any indication of what legal theory he is relying on against any specific defendant. It is, frankly, difficult to parse out what exactly is at issue in this case. The Court cannot allow a lawsuit to proceed until Hajro can allege actual, specific facts against named individuals or entities and identify what law or statue was violated and why he is entitled to relief. Three of the ten named defendants are judges and likely have absolute immunity from suit for damages arising from their judicial acts.

At present, none of the allegations in Hajro's Complaint rise to the level of legal claims with available remedies. Hajro has not alleged coherent facts to support any claim for relief, and his Complaint must be dismissed.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Hajro *may* be able to state a claim upon which relief can be granted, the Court will allow him an opportunity to amend to remedy the following deficiencies.

First, Hajro must state a specific plausible legal claim and the theory upon which that claim rests. Second, Hajro must detail the entire factual background giving rise to his claim. Allegations unsupported by fact will not be accepted. Finally, due to the lack of facts in Hajro's Complaint, the Court is also unsure whether it has jurisdiction over this dispute in the first place. Federal courts are courts of limited jurisdiction. Hajro must explain how this court has jurisdiction to hear this specific claim.

## IV. CONCLUSION

While Hajro does not have excessive discretionary income, he does have sufficient funds to pay the required filing fee over time for a federal lawsuit. Additionally, the Court finds that Hajro has not sufficiently established that this Court has jurisdiction over the claims he wishes to bring. In like manner, the Court determines that Hajro has not supported his claims with pertinent facts and that his claims against three defendants are almost certainly barred because Judge Sullivan, Judge Vandervelde, and Judge Southworth enjoy absolute immunity from suit. In sum, Hajro may not proceed without amending his Complaint, if he so chooses.

## V. ORDER

1.  Hajro's Application for Leave to Proceed in District Court without prepaying fees or costs (Dkt. 1) is GRANTED. Hajro need not prepay the fee in *full*;

MEMORANDUM DECISION AND ORDER - 6

however, he must pay $50.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule will result in dismissal of this case without further notice. Hajro's first payment shall be due thirty (30) days from the issuance of this Order.

2.   Hajro's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE. Hajro's Complaint is deficient as he has not provided any supporting facts to his claims or established this Court's jurisdiction in the matter. The Court grants Hajro leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Hajro must file his Amended Complaint within thirty (30) days of the issuance of this Order.

3.   Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: February 8, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7