UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIRSAD HAJRO,<br><br>　　Plaintiff,<br><br>　　v.<br><br>THOMAS SULLIVAN et al.,<br><br>　　Defendants. | Case No. 1:21-cv-00468-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Mirsad Hajro's Motion to Reconsider and to Allow Amendment of Claim (Dkt. 20). Having reviewed the record, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court DENIES the Motion.

## II. FACTUAL BACKGROUND

On December 2, 2021, Hajro filed his Complaint (Dkt. 2) and Application to Proceed in Forma Pauperis (Dkt. 1). Hajro's Complaint primarily alleged that Thomas Sullivan, a sitting Canyon County Magistrate Judge, violated his rights and harmed him by issuing biased rulings in state court custody proceedings. Dkt. 2. It also named eighteen other defendants, including Idaho Third District Judge Davis Vandervelde, several Idaho

MEMORANDUM DECISION AND ORDER – 1

Supreme Court Justices, Hajro's former spouse, and numerous attorneys. Dkt. 12, at 3-6. Under 42 U.S.C. § 1983, Hajro accused the defendants of violating the Fourth, Fifth, Sixth, Seventh, Ninth, Eleventh, Thirteenth, Fourteenth, and Sixteenth Amendments to the United States Constitution. Dkt. 10, at 3. He also alleged violations of Article 1 Section 9 Clause 8, Article 1 Section 10 Clause 1, and Article 6 paragraph 2 of the Constitution. *Id*. He requested damages in the amount of $550 million from each defendant, totaling $10.45 billion. Dkt. 12, at 8-11.

### III. PROCEDURAL BACKGROUND

On February 8, 2022, the Court issued a Memorandum Order and Decision finding that Hajro's Complaint did not allege sufficient facts to state a claim (Dkt. 5). The Court consequently dismissed Hajro's Complaint without prejudice, giving him a chance to cure its defects. *Id.* Hajro moved for an extension of time to file an amended complaint, (Dkt. 6) and the Court granted the motion, giving him an additional 42 days (Dkt 8).

On May 19, 2022, Hajro filed his First Amended Complaint (Dkt. 10). The Court granted Hajro's application to proceed in forma pauperis but found that the Amended Complaint still failed to plead any factual details regarding the alleged violations. Dkt. 14, at 5-6. Further, the Court noted that Judge Sullivan was a sitting Judge and so enjoyed judicial immunity from suits like Hajro's. *Id*. at 6. Once again, the Court dismissed the Amended Complaint without prejudice, granting Hajro 30 days to remedy the Court's concerns about jurisdiction, judicial immunity, and the specificity of the Complaint. Yet again, Hajro moved for an extension of time to file the new complaint (Dkt. 15) and again, the Court granted the request, giving Hajro another 30 days (Dkt. 16).

On July 15, 2022, Hajro filed a Second Amended Complaint (Dkt. 17). After carefully reviewing this third iteration of the Complaint, the Court found that its concerns had still not been adequately addressed. The Court explained that federal abstention doctrines prevented it from exercising jurisdiction over Hajro's claims, and even if they had not, most of the defendants enjoyed judicial immunity (Dkt. 18). For these reasons, the Court finally issued an order dismissing Hajro's Complaint with prejudice (Dkt. 19). Now, Hajro asks the Court to reconsider its decision and allow him to file a fourth iteration of his complaint.

## IV. LEGAL STANDARD

Granting or denying a motion for reconsideration is a matter within a district court's discretion. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A district court has inherent authority and wide latitude in controlling—among other things—its calendar and docket, as well as its orders and decisions. A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (cleaned up). Ultimately, it is the court's duty "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In certain circumstances, this may mean that a court must reconsider, modify, or even reverse a prior determination. Other times, this means a court must advance a case. Thus, the need to be right must co-exist with the need for progress in a particular case.

Motions to reconsider involve a two-step inquiry. "[A] party must first establish that they have the right to ask for reconsideration; that is to say, they must establish that one or

more of the limited grounds for reconsideration are present. If that is the case, the moving party must then convince the court that their purported reasons rise to the level of reversal." *United States ex rel. Rafter H Constr., LLC v. Big-D Constr. Corp.*, 358 F. Supp. 3d 1096, 1098 (D. Idaho 2019). "[R]econsideration is an extraordinary remedy available only when: (1) the district court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the controlling law." *Dickinson Frozen Foods, Inc. v. FF5 Food Process Solutions Corp.*, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020) (citing *Sch. Dist. No. 1J, Multnomah County. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Christianson v. Colt. Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("As a rule the court should be loath to [reconsider] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." (cleaned up)).

"[M]otions for reconsideration are generally disfavored[] and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). In deciding them, courts should bear in mind the importance of finality and the conservation of judicial resources. *See Carrol v. Nakatani*, 342 F. 3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

### V. ANALYSIS

The Court must first determine whether Hajro has carried his burden of establishing

MEMORANDUM DECISION AND ORDER – 4

a right to ask for reconsideration. A right to reconsideration exists when: (1) the district court is presented with newly discovered evidence; (2) there has been an intervening change in the controlling law; or (3) the court committed clear error or the initial decision was manifestly unjust. *Dickinson Frozen Foods*, 2020 WL 2841517, at *10 (cleaned up). Here, Hajro does not allege any newly discovered evidence or changes in the controlling law. He merely argues that he had a right to file an amended complaint and that the Court violated this right by dismissing his Complaint with prejudice. Though he does not explicitly make the argument, the Court reads Hajro's Motion to say that this violation of his alleged right constituted plain error, or would work a manifest injustice, thus giving him a right to ask for a reconsideration.

Hajro did not have a right to file another amended complaint. Rule 15 of the Federal Rules of Civil Procedure provides that within certain deadlines, parties may amend a pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Otherwise, they can only amend with the opposing party's written consent or if the court grants leave. Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* Here, Hajro has already submitted two amended complaints, one as a matter of course and one by leave of the Court. Accordingly, at the time of the Court's previous order, Hajro was not entitled to another amendment as a matter of course.

Nevertheless, the Court will consider whether, under Rule 15(a)(2), justice required that Hajro should have been granted leave to amend. It is the longstanding rule of the Ninth Circuit that "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (cleaned up).

MEMORANDUM DECISION AND ORDER – 5

In *Lopez*, a magistrate judge gave a pro se plaintiff leave to amend once, but conditioned further amendments on a showing of good cause. *Id*. On appeal, the Ninth Circuit held that, because the complaint could have been cured simply by naming the correct defendants, the court should have granted leave to amend, especially where the plaintiff was proceeding pro se. *Id.* at 1131 ("We have noted frequently that the rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant.") (cleaned up). Although it is not his only authority,[1] Hajro relies on *Lopez* to argue that justice—and Ninth Circuit precedent—required the Court to grant him another chance to amend.

The situation here is significantly different from the one in *Lopez*. Unlike the magistrate judge in *Lopez*, who only allowed a single amendment, this Court twice granted Hajro leave to amend. It also granted him two extensions of time to file his amended complaints when he twice claimed that 30 days were not enough. Moreover, unlike the complaint in *Lopez*—which could be cured by simply naming the correct defendants— Hajro's first, second, and third Complaints all had legal defects that amendments could not cure. These defects arose from the fundamental nature of Hajro's claims. No number of amendments or extensions could make it proper for this Court to hear an appeal-style challenge to a state court child custody proceeding. *Younger* abstention and the *Rooker– Feldman* doctrine will not allow it. *See* Dkt. 18, at 6–7 (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding that federal district courts have

---

[1] Hajro also cites an example of a court granting leave to file a third amended complaint, (*Watson v. Ives*, a 2017 case that the Court cannot find using Hajro's citation), a concurring opinion from the 11th Circuit (*Mitchell v. Farcass*, 112 F.3d 1483, 1491–92 (11th Cir. 1997) (Lay, J., concurring)), and several older cases restating the rule from *Lopez*.

no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional.")). Nor would amendment allow Hajro to state a claim against sitting state judges for their judicial acts. The doctrine of judicial immunity will not allow it. *See* Dkt. 18, at 3 (quoting *Wyatt v. Cole*, 504 U.S. 158, 164 (1992) (recognizing that judges have long been accorded absolute immunity from suits for money damages arising from their judicial acts)). Correcting these flaws would require changing the fundamental nature of Hajro's claims, and Hajro has not attempted to do so, despite having two opportunities over the course of more than seven months.

Because the Court already granted leave to amend several times, and because those amendments brought Hajro's claims no closer to legal viability, the Court found that it did not appear at all possible that Hajro could correct the defects in his Complaint. The instant Motion has not given the Court any reason to find otherwise. It does not grapple with the legal issues of abstention, jurisdiction, or judicial immunity. Nor does it plead new or even significantly altered facts. Hajro's only argument is that he should have been permitted to amend yet again. This argument misunderstands the law. Neither Rule 15 nor *Lopez* entitle a plaintiff to file an infinite number of amended complaints realleging the same fundamentally flawed legal claims. Whatever advantages such a rule might have for fairness toward pro se plaintiffs would come at an unacceptable cost to the "interest of finality and the conservation of judicial resources." *See Carrol*, 342 F. 3d at 945.

In sum, because Hajro was not entitled to an amendment, the Court's Order dismissing his complaint with prejudice was neither in error nor manifestly unjust. Thus,

MEMORANDUM DECISION AND ORDER – 7

he has not established that he has a right to seek reconsideration.

## VI. CONCLUSION

Hajro has not carried his burden of showing that he is entitled to seek reconsideration. Thus, his Motion to Reconsider and to Allow Amendment of Claim is DENIED.

## VII. ORDER

**IT IS HEREBY ORDERED**:

1. Hajro's Motion to Reconsider and to Allow Amendment of Claim (Dkt. 20) is **DENIED**.

2. The Court's previous Memorandum Decision and Order (Dkt. 18) continues to govern this case.

DATED: December 1, 2022

David C. Nye
Chief U.S. District Court Judge